IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| CLINT DURAN MCCLAIN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 7:14-CV-00932-SLB |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**MEMORANDUM OPINION**

Plaintiff Clint Duran McClain brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner of Social Security's final decision denying his application for supplemental security income ["SSI"]. Upon review of the record and the relevant law, the court is of the opinion that the Commissioner's decision is due to be affirmed.

**I. PROCEDURAL HISTORY**

On January 27, 2011, plaintiff protectively filed an application for SSI alleging an amended disability onset date of June 20, 2010. (R. 74, 118.)[1] His application was denied by the Social Security Administration ["SSA"], (R. 118), and plaintiff subsequently requested

---

[1] Mr. McClain filed prior applications for a period of disability, DIB, and SSI in January 2008. (R. 74.) These applications were denied initially on April 29, 2008, and by decision of an Administrative Law Judge on June 18, 2010. (*Id.*)

a hearing before an Administrative Law Judge ["ALJ"], which was held on September 10, 2012. (R. 88.) The ALJ found plaintiff not disabled on October 11, 2012. (R. 82.)

Plaintiff sought review by the Appeals Council, and on May 1, 2014, the Appeals Council denied plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner of Social Security. (R. 1.) Plaintiff filed an appeal in this court on May 19, 2014. (Doc. 1.)

## II. STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, this court's role is a narrow one: "Our review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The court gives  deference to factual findings and reviews questions of law de novo. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner], rather [it] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cor. 1990)(quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983))(internal quotations and other citation omitted). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson*, 284 F.3d at 1221 (citing *Martin v. Sullivan*,

894 F.2d 1520, 1529 (11th Cir. 1990); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)).

"Substantial evidence" is "more than a scintilla and is such relevant evidence as a reasonable

person would accept as adequate to support a conclusion." *Winschel v. Commissioner of*

*Social Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)(internal quotations and citations omitted).

Conclusions of law made by the Commissioner are reviewed de novo. *Cornelius*, 936

F.2d at 1145. "No . . . presumption of validity attaches to the [Commissioner's] conclusions

of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. <u>DISCUSSION</u>

### A. THE FIVE-STEP EVALUATION

The regulations require the Commissioner to follow a five-step sequential evaluation

to determine whether a claimant is eligible for SSI. *See* 20 C.F.R. § 416.920(a)(1)-(2); *Bowen*

*v. City of New York,* 476 U.S. 467, 470 (1986). "[A]n individual shall be considered to be

disabled for purposes of [determining eligibility for SSI benefits] if he is unable to engage

in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected

to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

The specific steps in the evaluation process are as follows:

### 1. Substantial Gainful Employment

First, the Commissioner must determine whether the claimant is engaged in

"substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 137 (1987). The regulations

define "substantial gainful activity" as "work activity that is both substantial and gainful."[2]

20 C.F.R. § 416.972. If the claimant is working and that work is substantial gainful activity,

the Commissioner will find that the claimant is not disabled, regardless of the claimant's

medical condition or his age, education, and work experience. 20 C.F.R. § 416.920(b).

"Under the first step, the claimant has the burden to show that [he] is not currently engaged

in substantial gainful activity." *Reynolds-Buckley v. Commissioner of Social Sec.*, 457 F.

App'x 862, 863 (11th Cir. 2012).[3]

---

[2] The regulation provides:

(a) *Substantial work activity*. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

(b) *Gainful work activity*. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

(c) *Some other activities*. Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

20 C.F.R. § 416.972.

[3] Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

The ALJ found that plaintiff had not engaged in substantial gainful activity since January 27, 2011, the application date. (R. 76.)

### 2. Severe Impairments

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(a)(4)(ii), (c). "[A] 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). The regulations provide: "[I]f you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience." 20 C.F.R. § 416.920(c). "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 416.921(a). A claimant may be found disabled based on a combination of impairments even though none of the individual impairments alone are disabling. *Walker v. Brown*, 826 F.2d 996, 1001 (11th Cir. 1985); *see also* 20 C.F.R. § 416.923. A claimant has the burden to show

that [he] has a severe impairment or combination of impairments. *Reynolds-Buckley*, 457 F.

App'x at 863.

The ALJ found that plaintiff had severe impairments of asthma, chronic pain

syndrome, status post mandible fracture (also diagnosed as reflex sympathetic dystrophy),

cervical spondylosis at C5, and status post left shoulder separation. (R. 76.) The ALJ also

found plaintiff had nonsevere impairments of status post closed head injury and hypertension.

(R. 78.)

### 3. The Listings

If the claimant has a severe impairment, the Commissioner must then determine

whether the claimant's impairment meets the durational requirement and whether it is

equivalent to any one of the listed impairments, which are impairments that are so severe as

to prevent an individual with the described impairment from performing substantial gainful

activity. 20 C.F.R. § 416.920(a)(4)(iii), (d)-(e); *see* 20 C.F.R. pt. 404, Subpart P, Appendix

1 [The Listings]. If the claimant's impairment meets or equals a Listing, the Commissioner

must find the claimant disabled, regardless of the claimant's age, education, and work

experience. 20 C.F.R. § 416.920(d). The claimant has the burden of proving that his

impairment meets or equals the criteria contained in one of the Listings. *Reynolds-Buckley*,

457 F. App'x at 863.

The ALJ found plaintiff did not have an impairment or combination of impairments

that met or medically equaled the severity of one of the listed impairments. (R. 78.)

**4. Residual Functional Capacity and Past Relevant Work**

If the impairment does not meet or equal the criteria of a Listing, the claimant must prove that his impairment prevents him from performing his past relevant work. *See* 20 C.F.R. § 416.920(a)(4)(iv), (f). At step four, the Commissioner "will first compare [his] assessment of [the claimant's] residual functional capacity ["RFC"] with the physical and mental demands of [the claimant's] past relevant work. 20 C.F.R. § 416.960(b). "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [him] to learn to do it. 20 C.F.R. § 416.960(b)(1). If the claimant is capable of performing his past relevant work, the Commissioner will find he is not disabled. 20 C.F.R. § 416.920(e). The claimant bears the burden of establishing that the impairment prevents him from performing past work. *Reynolds-Buckley*, 457 F. App'x at 863.

> The ALJ found plaintiff had the following RFC:
>
> The claimant has the residual functional capacity to perform light work . . . with abilities, limitations and restrictions to include the following: can sustain no more than occasional exposure to extremes in cold and heat; and can sustain no more than occasional exposure to pulmonary irritants.

(R.79). The ALJ also found that plaintiff, who was born in 1980, was a "younger individual" at the time of the ALJ's decision and that plaintiff had a limited education and could communicate in English. (R. 81.) The ALJ found plaintiff was unable to perform any past relevant work as a top setter, welder, or painter. (*Id.*).

### 5. Other Work in the National Economy

If the claimant establishes that he is unable to perform his past relevant work, the Commissioner must show that the claimant -- in light of his RFC, age, education, and work experience -- is capable of performing other work that exists in substantial numbers in the national economy. *Reynolds-Buckley*, 457 F. App'x at 863; see also 20 C.F.R. § 416.920(c)(1). The regulations provide:

> If we find that your residual functional capacity is not enough to enable you to do any of your past relevant work, we will use the same residual functional capacity assessment we used to decide if you could do your past relevant work when we decide if you can adjust to any other work. We will look at your ability to adjust to other work by considering your residual functional capacity and your vocational factors of age, education, and work experience. Any other work (jobs) that you can adjust to must exist in significant numbers in the national economy (either in the region where you live or in several regions in the country).

20 C.F.R. § 416.960(c)(1).

The ALJ consulted a Vocational Expert ["VE"] to determine whether any jobs exist in the national economy that plaintiff, considering his RFC and vocational factors, could perform. The VE testified that an individual with plaintiff's limitations and vocational factors could perform the jobs of production coordinator, stock marker, and ticket taker. (R. 81-82.) Based on this testimony, the ALJ found plaintiff could perform other work that exists in significant numbers in the national economy, and, therefore, that plaintiff had not been under a disability since January 27, 2011. (R. 82.)

**B. MR. McCLAIN'S CLAIMS**

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ gave little weight to the opinion of Dr. Farouk Raquib, a treating physician, without explaining his reasons for doing so. The court has reviewed the entire record before the ALJ, as well as the parties' briefs, and finds that the Commissioner's decision is due to be affirmed.

**1. Weight Given to Dr. Farouk Raquib's Medical Source Statement**

Plaintiff contends that the ALJ erred by failing to give sufficient weight to the opinion of Dr. Farouk Raquib, plaintiff's treating physician, and by failing to explain his rationale for doing so. (Doc. 10 at 10-11.)

In determining how much weight to give to each medical opinion, the ALJ must consider several factors, including (1) whether the doctor has examined the claimant; (2) whether the doctor has a treating relationship with the claimant; (3) the extent to which the doctor presents medical evidence and explanation supporting his opinion; (4) whether the doctor's opinion is consistent with the record as a whole; and (5) whether the doctor is a specialist. 20 C.F.R. § 416.927(c).

Under the Commissioner's regulations, a treating physician's opinion will be given controlling weight if it is well supported and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 416.927(d)(2); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (stating that a treating physician's opinion must be given

substantial or considerable weight unless "good cause" is shown to the contrary). The

Eleventh Circuit has held that good cause exists for rejecting a treating physician's opinion

when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence

supported a contrary finding; or (3) treating physician's opinion was conclusory or

inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232,

1240-41 (11th Cir. 2004). Plaintiff alleges that the ALJ incorrectly concluded Dr. Raquib's

opinion "is not supported by the claimant's emergency room records, treatment records, or

Dr. Raquib's own treatment records." (Doc. 10 at 12 (*citing* R. 80).)

Dr. Raquib completed a medical source statement ["MSS"] on June 21, 2012, in

which he opined that plaintiff could sit less than two hours at a time, stand less than two

hours at a time, and would require unscheduled breaks every hour lasting fifteen to twenty

minutes. (R. 544-45.) The MSS also stated that plaintiff would miss more than four days of

work per month due to his impairments. (R. 546.)

First, plaintiff contends Dr. Raquib's MSS is consistent with emergency room records

and Dr. Raquib's treatment notes. On January 17, 2011, plaintiff was admitted to the hospital

and subsequently diagnosed with asthma exacerbation. (R. 384.) The physicians noted

plaintiff "required multiple bronchodilators in the emergency room to improve." (*Id*.)

Plaintiff was, thereafter, admitted to the DCH emergency room on March 13, 2012 following

an automobile accident. (R. 475.) A CT scan of the abdomen and upper pelvis revealed

"spondylolysis with minimal spondylolisthesis at L5 vertebral body," (R.506), and a CT scan of the cervical spine showed "congenital fusion at the C5-C6 vertebral body," (R.520).

On October 4, 2011, Dr. Raquib diagnosed plaintiff with chronic mandibular pain, chronic neck pain, C5 spondylosis, and intrinsic asthma. (R.549.) Dr. Raquib noted imaging studies supported a diagnosis of spondylosis and that plaintiff had "decreased range of motion [in the neck] secondary to pain" and "tender lumbar paraspinals." (*Id*.) On December 8, 2011, Dr. Raquib noted plaintiff had "pain with range of motion of cervical spine" and continued plaintiff's nebulizer treatment and albuterol inhaler for plaintiff's asthma. (R.547.)

Defendant maintains that plaintiff failed to meet his burden of proving he was disabled. (Doc.11 at 5.) *See Ellison v. Barnhart*, 355 F.3d 1272, 1278 (11th Cir. 2003); 20 C.F.R. § 416.912(a) (stating that the plaintiff bears the ultimate burden of proving he is disabled). Defendant first asserts Dr. Raquib's opinion is inconsistent with plaintiff's emergency room records. After plaintiff's admittance to the Fayette Medical Center in January 2011, plaintiff was diagnosed with asthma, responded well to medication, and was sent home with no restrictions. (R.281, 372, 384-96.) Emergency room notes document that plaintiff "improved fairly rapidly and on the day of discharge . . . was doing well." (R. 384-85.) Plaintiff's pulmonary function study in April 2011 revealed normal findings. (R.409-16.) Additionally, although plaintiff experienced jaw and neck pain resulting from an accident in 2000, the ALJ noted that plaintiff "worked at substantial gainful activity without any evidence of continuing treatment for several years after [the accident]." (R. 80.)

Defendant also notes other medical evidence supporting the ALJ's finding. On March 25, 2011, Dr. Harry Richardson examined plaintiff. (R.405.) Dr. Richardson noted the following findings: plaintiff demonstrated a full range of motion in the neck and some bilateral jaw and neck tenderness; plaintiff's lungs were clear and had no significant musculoskeletal findings; and plaintiff had a normal gait and was neurologically intact. (R.405-07.) Dr. Richardson reported that plaintiff had no impairment in standing, sitting, lifting, carrying, handling objects, hearing, speaking, or traveling. (*Id*.)  In May 2011, state agency medical consultant Richard Whitney also opined that plaintiff did not have postural, manipulative, visual, or communicative limitations and that plaintiff could perform the exertional demands of a range of medium level work activity. (R.437-44.) State agency consultants are considered experts in the Social Security disability programs and their opinions may be entitled to great weight if supported by the evidence of record. *See* 20 C.F.R. § 416.927(f)(2)(i); SSR 96-6p, 1996 WL 374180. The ALJ gave Dr. Whitney's opinion only partial weight, finding that plaintiff could perform the work demands of light exertional work as opposed to medium level work.

Plaintiff argues other sources support Dr. Raquib's opinion, including the shoulder exam conducted by Dr. Stephen Ikard, during which Dr. Ikard diagnosed plaintiff with joint pain in the shoulder and grade 3 AC joint dislocation and separation with chronic symptoms. (R.559.) Defendant responds, however, that Dr. Ikard's exam of plaintiff one week after plaintiff's accident was unremarkable. (Doc. 11 at 9; *see* R. 446-47.) Dr. Ikard noted "good

range of motion of the shoulder," "good strength to abduction and external rotation," and "no

signs of fracture." (R. 446.) The ALJ correctly found that Dr. Raquib's MSS was not

supported by substantial evidence in the record, including treatment notes from other medical

sources and plaintiff's emergency room records.

Finally, plaintiff argues Dr. Brent Ballard's MSS that was completed on September,

19, 2013, should be considered, as it corroborates the opinion of Dr. Raquib. (Doc. 10 at 15.)

Similar to Dr. Raquib, Dr. Ballard limited plaintiff to rarely lifting ten or more pounds,

stooping, crouching, and climbing stairs. (R.20.) He also limited plaintiff to sitting for less

than 2 hours during an 8 hour work day and to standing for less than 2 hours in an 8 hour

work day. (R. 19.) While Dr. Ballard's MSS does corroborate Dr. Raquib's opinion, plaintiff

has failed to show that Dr. Ballard's opinion has "render[ed] the denial of benefits

erroneous." *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir.

2007). Substantial evidence in the record provided good cause for the ALJ to assign Dr.

Raquib's MSS little weight, so Dr. Ballard's MSS corroborating Dr. Raquib's opinion does

not render the ALJ's decision erroneous.

## IV. CONCLUSION

Based on the reasons set forth above, the decision of the ALJ, as adopted by the

Commissioner, denying plaintiff's claim for SSI is due to be affirmed. An Order affirming

the decision of the Commissioner will be entered contemporaneously with this Memorandum

Opinion.

**DONE** this 13th day of August, 2015.

SHARON  LOVELACE  BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE